JEFFRIES, Adm'r, *v.* UNION MUT. LIFE INS. Co.

*(Circuit Court, E. D. Missouri.* January 26, 1880.)

LIFE INSURANCE—WARRANTY—AVERMENT OF APPLICANT THAT HE IS A SINGLE MAN.—The averment of a married man, in an application for life insurance, that he is a single man, amounts to an absolute warranty.

ATTORNEY AT LAW—COMPROMISE OF SUIT—EXPRESS AUTHORITY—SATISFACTION OF JUDGMENT.—The entry of the satisfaction of judgment on the record of the court will not be set aside, where such satisfaction was entered, pending a writ of error to the supreme court in behalf of the defendant, upon part payment of the judgment, under a compromise with the duly authorized attorneys of the plaintiff, although such entry of satisfaction was not made in open court, and the original plaintiff had died pending such compromise, and the authority of the attorneys had not been ratified by the administrator *de bonis non.*

Motion to set aside entry of satisfaction of judgment.

*Waldo P. Johnson* and *John Flournoy,* for plaintiff.

*John R. Shepley,* for defendant.

TREAT, J., *(orally).* I have had under consideration a matter concerning which there are a great many incidents. I am not disposed to go into those matters at any consider-

able length.  A suit was brought in this court, by an admin-
istrator named Jeffries, on a life insurance policy.  The case
went from this court to the supreme court of the United
States, and the supreme court reversed this court on this
proposition.  The averment made in the application by the
insured was that he was a single man and not a married
man.

This court held, in the light of the authorities as they were
then supposed to exist, that that question should not be held
as an absolute warranty, but, connected with the facts, to be
submitted to the jury, whether it was a matter material to the
case.  The supreme court held the sharp doctrine that it was
a warranty, and if he represented himself as single and was
married, there could be no recovery.  The case came back for
trial and evidence was produced to show that the representa-
tion of the plaintiff was written down as an answer by the
agent of the underwriter, he, the agent, supposing that to be
the man's condition, without relying upon his statement or
paying any attention to it.  The matter came up for trial
and the jury found for plaintiff, and the court set aside the
verdict, as it did not think the testimony sufficient to establish
the fact.  A second trial was had—a fuller trial—and a verdict
was again rendered for the plaintiff, and the case was taken
by the insurance company to the supreme court of the United
States.  In the ordinary course of decisions there this case
would not have been reached, possibly, for some years.  The
counsel for the insured then, after correspondence with the
insurance company, agreed to take what was about two-
thirds of the amount of the judgment, in round numbers.
The proposition being accepted, thereupon counsel did receive
the sum of money pursuant to the compromise, to-wit, the
two-thirds, and entered satisfaction of the judgment.

The question presented to the court is upon a motion to
set aside that entry of satisfaction, first, because a counsel
employed to prosecute a case has no right to compromise it.
Such is the view of the supreme court of the state of Mis-
souri; but the rulings are largely in conflict.  But this case
has another aspect: the original plaintiff entered into a spe-

cific contract—which I certainly do not think commendable—whereby these attorneys, (two in number,) should prosecute this extremely doubtful claim; they to receive a certain portion of the proceeds, with full power to compromise as they should please. And they prosecuted under these doubtful circumstances, and finally compromised, and, having compromised, the defendant company has paid this money. It is contended that the attorneys thus compromising did an act which is void in itself, and that without the money paid being returned, to-wit, about $9,000, the compromise may be declared void, and execution be issued for the whole amount of the judgment.

I am not disposed to go into an examination of the authorities, but merely state, for the purposes of the determination of this motion, that here *express authority* was given with regard to the matter; that this claim was very doubtful, and that in my judgment the compromise was rightly made. I heard the case three times, and in my opinion plaintiff would not have gotten a sixpence before the supreme court. I think that the attorney acted, so far as money considerations are concerned, very wisely. Should this entry be now set aside? On what ground? That the entry was made during a term of court on the record instead of in open court? It so happens that there is no express statute of the United States as to entering satisfaction; but it is claimed that by analogy we might follow the state statute, and if we follow that practice, this entering of satisfaction may be made in open court or in vacation, on the margin of the record. But if, on the facts stated, this entry is found to be void, the court would permit the party to appear in open court at this moment, merely to cure a technical error.

Now, the difficulty arises on the face of the contract. Under the old common law such a contract would not have been permitted. I think it would be better if the old common law was retained with regard to it; but such is not the law, unfortunately. Parties, at their own expense, may pursue a doubtful demand, and, when the result is accomplished, the contract is upheld. But it is said again, that the original plaintiff

died pending the proceedings, and a revivorship was had in the name of the administrator *de bonis non;* that this new plaintiff did not enter into any contract or ratify the old one; and that, therefore, the power given to the attorney to compromise could not be considered as applicable to matters as they stood on final hearing. Now, I suppose, when a contract is made by a party he who succeeds in interest to him is bound by the original contract.

But this motion is against a defendant that has paid between $9,000 and $10,000, to declare all the proceedings had under the circumstances void, and hold that company liable to execution for the whole amount of the original judgment; a part of the agreement to compromise being that the defendant insurance company should dismiss its writ of error in the supreme court of the United States, which it has done. How can you put this company into its original position? It must lose this amount of money; is out of the supreme court, and is remediless by the fault of the original plaintiff, and the contract which he chose to enter into. Such would be neither justice nor right, without going into the extreme proposition as to whether an attorney employed in the case has a right to compromise it. In this case there was a specific contract, and I overrule the motion.